UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PATRICIA J. FOWLER

       Plaintiff,

V.                                                CIVIL ACTION NO   WMN-11cv2262

J.C. CHRISTENSEN & ASSOCIATES, INC.

Defendant.                                     AUGUST 15, 2011

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Columbia, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a foreign corporation engaged in the business of collecting debts in the State of Maryland with a principal place of business located 200 14th Avenue East, Sartell, MN 56377 and is **NOT** authorized **OR** Licensed to collect

debt in the State of Maryland.  The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

 8.  Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

 9.  The Defendant contacted the Plaintiff via letter dated July 31, 2011 attempting to collect a debt.

10.  Defendant a non licensed collection agency threatened to refer this matter to a licensed MD attorney if she did not resolve this matter.

11.  Defendant through its collection agent who identified herself as "Cindy" stated that if my client did not pay this account she was at risk of having her wages garnished or a judgment field against her.

12.  The Defendant failed to advise my client that first suit a lawyer in the State of Maryland would have to be retained, suit would have to be filed and served upon Ms. Fowler, that a court would have to find that she owed the debt, and that my client would be entitled to file exceptions to any wage garnishment hearing.

13. The Defendant overshadowed the dispute process and made garnishment and Judgment a foregone conclusion.

14. The Defendants statements were false, deceptive and misleading in violation of §1692e.

15. The Defendant does not maintain procedures in place adequately designed to avoid the violation(s) of the FDCPA.

16. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e and f.

SECOND COUNT:

17. The allegations of the First Count are repeated and realleged as if fully set forth herein.

18. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA") including not obtaining a MD collection agency license.

19. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.
2. Award Plaintiff statutory damages pursuant to MDCDCA.
3. Award the Plaintiff costs of suit and a reasonable attorney's fee.
4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY<u>/S/Bernard T. Kennedy</u>
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com